UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF NEW YORK

---

KELLY BLAND, individually and on behalf
of all others similarly situated,

                        Plaintiff,

v.                                                1:25-CV-00782
                                                (FJS/MJK)

SPRINTFONE INC.
d/b/a TALKDAILY,

                        Defendant.

---

Andrew R. Perrong, Esq., Attorney for Plaintiff

## MEMORANDUM-DECISION and ORDER

      Bland commenced this action on June 17, 2025 by filing a Class Action Complaint ("Complaint") seeking relief under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, on behalf of herself and others similarly situated. (Dkt. 1). The Complaint was served on June 25, 2025. (Dkt. 4). On August 26, 2025, Bland filed a request for a Clerk's entry of default. (Dkt. 5). Bland's request was granted on August 27, 2025. (Dkt. 6).

      The Court entered a text order on August 29, 2025 directing Bland to file a motion for default judgment within thirty days thereof if

she wished to pursue the same. (Dkt. 7). On September 3, 2025, the Rule 16 conference and deadline for submitting a joint Civil Case Management Plan and exchange of mandatory disclosures was adjourned without date. (Dkt. 9).

Currently before the Court is Bland's "Motion To Commence Discovery To Obtain Records That Identify Putative Clas Members." (Dkt. 9). For the reasons stated below, Bland's motion is granted.

Under Fed. R. of Civ. P. 26(d)(1), "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." Fed. R. Civ. P. 26(d)(1). "To obtain discovery in advance of such a conference, the moving party must satisfy a flexible standard of reasonableness and good cause." *de Henriques v. William James Bushell Corp.*, No. 23-CV-2990, 2023 WL 5671559, at *1 (S.D.N.Y. Sept. 1, 2023) (quotation marks omitted).

Here, Bland has established good cause and reasonableness for the requested relief. "[D]istrict courts in numerous circuits have authorized discovery against a non-appearing defendant in support of a

2

class certification investigation." *Katz v. Curis Pharmacy*, LLC, No. 22-CV-644, 2023 WL 5769499, at *6 (S.D.N.Y. Sept. 7, 2023); *see also Katz v. Prof'l Billing Collections, LLC*, No. 20-CV-3043, 2021 WL 2418387 (S.D.N.Y. 2021) (granting motion for discovery to obtain information related to class members in TCPA action where defendant failed to appear and Clerk entered a certificate of default); *Bais Yaakov of Spring Valley v. Houghton Mifflin Harcourt Publishers, Inc.*, 36 F. Supp. 3d 417, 421 (S.D.N.Y. 2014) ("[T]here can be no doubt that it is proper for a district court, prior to certification of a class, to allow discovery . . . to determine whether the prerequisites of Rule 23 are satisfied." (quoting *Sirota v. Solitron Devices, Inc.*, 673 F.2d 566, 571 (2d Cir. 1982))); *Williams v. Goldman & Steinberg, Inc.*, No. 03-CV- 2132, 2006 WL 2053715, at *9-10 (E.D.N.Y. July 21, 2006) (permitting such discovery after defendants' default).

    The Complaint appears to sufficiently state a claim under the TCPA, and Bland has sufficiently alleged that Defendant's purported violation of the statute results affects members of the proposed class. "Accordingly, there exists good cause for limited discovery to identify class members . . . and to determine damages." *De

*Henriques*, 2023 WL 5671559, at *2.

**WHEREFORE**, based on the findings above, it is hereby

**ORDERED**, Bland's motion to commence discovery to obtain records identifying putative class members is **GRANTED**; and it is hereby further

**ORDERED**, that Bland may utilize Fed. R. Civ. P. 45 to conduct any post-default discovery needed to obtain information regarding the identity of putative class members, for the "ultimate purpose of seeking class certification and/or a classwide or individual default judgment." (Dkt. 9, at 7); and it is further

**ORDERED**, that Bland shall complete all discovery on or before **January 30, 2026**.

Dated: October 7, 2025.

                                                                      Hon. Mitchell J. Katz
                                                                      U.S Magistrate Judge